IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ERIK A GOLDSTEIN                                                                                        PLAINTIFF

      v.                             Civil No. 12-3160

CAROLYN W. COLVIN,[1] Commissioner
Social Security Administration                                                                DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Erik A. Goldstein, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for disability insurance benefits ("DIB") and supplemental security income under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.      Procedural Background**

Plaintiff applied for SSI and DIB on July 21, 2009. (Tr. 10.) Plaintiff alleged an onset date of July 3, 2009 due to sciatica pain. (Tr. 178, 205.) Plaintiff's applications were denied initially and on reconsideration. Plaintiff requested an administrative hearing, which was held on November 9, 2010. (Tr. 26.) Plaintiff was present to testify and was represented by counsel. The ALJ also heard testimony from Neisha Moore, Plaintiff's wife, and Mike Pernovich, Plaintiff's friend and occasional co-worker. (Tr. 26, 67, 75. ) Vocational Expert ("VE") John Massey was also present and testified. (Tr. 26.)

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

At the time of the administrative hearing, Plaintiff was 45 years old, and possessed an eleventh grade education. (Tr. 31-32.) The Plaintiff had past relevant work experience ("PRW") as a cement mason and stone mason. (Tr. 18.)

On May 31, 2011, the ALJ concluded that Plaintiff had a severe impairment of degenerative disc disease of the lumbar spine with radiculopathy status post surgery. (Tr. 12.) The ALJ found that Plaintiff maintained the residual functional capacity to perform sedentary work, "except that the claimant is able to only occasionally climb, balance, stoop, kneel, crouch and crawl and must avoid exposure to hazards including unprotected heights and moving machinery as well as driving as a part of work." (Tr. 16.)  With the assistance of the VE, the ALJ determined that the Plaintiff could perform such representative occupations as zipper trimmer machine operator, an assembler, and an addresser. (Tr. 19.)

Plaintiff requested a review by the Appeals Council on June 10, 2011. (Tr. 146.) The Appeals Council denied the appeal on October 25, 2012. (Tr. 1.)

**II.     Applicable Law**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence  is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.*  As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  If the court finds it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's

findings, the court must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

**III.     Discussion**

Plaintiff raises three issues on appeal: 1) the ALJ erred at Step Two in his finding of severe impairments; 2) the ALJ did not perform a proper credibility evaluation; and 3) the ALJ erred in assigning the Overall RFC. (Pl.'s Br. 12, 15, 17.) This Court finds the ALJ did not obtain a Mental RFC

3

Assessment for the Plaintiff and therefore did not have sufficient medical evidence to support his Overall RFC. This Court also finds that the ALJ did not consider medication side effects in his *Polaski* analysis. Therefore issue 1 will not be addressed.

**A.      No Mental RFC Assessment by Acceptable Medical Source**

The Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001) Therefore, a claimant's RFC assessment "must be based on medical evidence that addresses the claimant's ability to function in the workplace." *Stormo v. Barnhart*, 377 F.3d 801, 807 (8th Cir. 2004). "An administrative law judge may not draw upon his own inferences from medical reports."*Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2000) .Instead, the ALJ should seek opinions from a claimant's treating physicians or from consultative examiners regarding the claimant's mental and physical RFC. *Id.*; *Strongson v. Barnhart,* 361 F. 3d 1066, 1070 (8th Cir. 2004.)

Consultative examiner Dr. Bunting diagnosed Plaintiff with adjustment disorder, and indicated personality disorder NOS as a rule-out diagnosis on December 9, 2010.  (Tr. 464-65.) However, this Court can find no evidence in the record of a mental RFC assessment completed by an acceptable medical source.[2] Therefore a remand is necessary.

On remand, the ALJ is directed to recontact Dr. Bunting to have her complete a Mental RFC Assessment.

**B.      Failure to Consider Medication Side Effects**

A proper *Polaski* analysis  requires the ALJ to conduct  an express examination of the dosage, effectiveness, and side effects of all medication. *Polaski*, 739 F. 2d at 1322. Failure to include medication side effects in the hypothetical to the VE, "at a minimum," requires the case to be remanded. *Mitchell v. Sullivan*, 925 F.2d 247, 250 (8th Cir. 1991).

---

[2]A Mental RFC was completed by Dr. Vann Smith, PhD, but was properly discounted by the ALJ as inconsistent with the record as a whole. *See  Flynn v. Astrue*, 2012 WL 6209990, *4 (noting that several courts have affirmed decisions where the ALJ gave little weight to or discounted the one-time examination reports of Dr. Vann Smith).

Plaintiff testified that he takes Wellbutrin,[3] Clonazepam,[4] Lorazepam,[5] and Hydrocodone.[6] (Tr. 45-46.) He testified that his medication make him feel drowsy and gives him headaches. (Tr. 45-46.) The ALJ did not include these side effects in the hypotheticals to the VE.

Remand is necessary because the ALJ did not consider Plaintiff's medication side effects and did not include medication side effects in the hypothetical to the VE . On remand the ALJ is directed to determine what drugs Plaintiff is currently taking, and to expressly consider the side effects of those medications. That consideration must include any cumulative or synergistic effects that might result from taking the drugs in combination. The ALJ is then directed to include those side effects, if in hypotheticals to the VE.

**IV.    Conclusion**

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus recommends that the decision be affirmed, and Plaintiff's Complaint be dismissed with prejudice.

---

[3] Wellbutrin is an aminoketone indicated for treatment of major depressive disorder. Side effects include Agitation, dry mouth, constipation, headache/migraine, N/V, dizziness, excessive sweating, tremor, sedation, insomnia, blurred vision, tachycardia, confusion, rash. It is contraindicated for use with benzodiazepines. http://www.pdr.net/drug-summary/wellbutrin?druglabelid=237&id=3809 (last accessed Feb. 10, 2014.)

[4] Clonazepam is a benzodiazepine indicated for the treatment of seizures and panic disorder. Side effects include CNS depression, ataxia, drowsiness, abnormal coordination, depression, behavior problems, dizziness, upper respiratory tract infection, memory disturbance, dysmenorrhea, fatigue, influenza, nervousness, sinusitis. www.pdr.net/drug-summary/clonazepam-tablets?druglabelid=2386&id=1249 (last accessed Feb. 10, 2014.)

[5] Lorazepam is a benzodiazepam indicated for treatment of anxiety and anxiety-disorders. Side effects include Sedation, dizziness, weakness, unsteadiness. http://www.pdr.net/drug-summary/lorazepam?druglabelid=2668&id=1548 (last accessed Feb. 10, 2014.)

[6] Hydrocodone is an opioid analgesic. Side effects include lightheadedness, dizziness, and sedation. http://www.pdr.net/drug-summary/vicodin?druglabelid=33&id=627. (last accessed Feb. 10, 2014.)

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 11th day of February 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)